UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANJOT SINGH,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-03692-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Manjot Singh is an Indian citizen who entered the United States without inspection on January 5, 2025.[1] Dkt. 9-3 at 2. Later that month, immigration officials arrested him at a United States Border Patrol checkpoint in Sarita, Texas, and determined that he was subject to expedited removal. Dkt. 8 ¶ 4; Dkt. 9-1 at 3. In May 2025, he was served with a Notice and Order of Expedited Removal under 8 U.S.C. § 1225(b)(1). Dkt. 9-2 at 2. Then, in August 2025, an asylum officer determined that Petitioner had a credible fear of return to India. Dkt. 9-3 at 2. Following that finding, the Department of Homeland Security issued Petitioner a Notice to

[1] Federal Respondent's assertion (Dkt. 7 at 4) that Petitioner entered the United States on January 30, 2025 and was arrested that same day is not supported by the record. *See* Dkt. 9-1 at 2; Dkt. 9-2 at 2; Dkt. 9-3 at 2.

Appear ("NTA") and referred him to full removal proceedings before an Immigration Judge ("IJ"). Dkt. 8 ¶ 6; Dkt. 9-3 at 2.

Petitioner, represented by immigration counsel, appeared at his first merits hearing on January 6, 2026. Dkt. 8 ¶ 7. Between January and April 2026, Petitioner requested that the IJ continue his removal proceedings four times due to illness and scheduling conflicts. *Id.* ¶¶ 7–10. The IJ granted each of those requests. *Id.* On May 5, an IJ ordered Petitioner removed to India. *Id.* ¶ 11. Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"); that appeal remains pending. *Id.*

In September, Petitioner was transferred to the Northwest Immigration and Customs Enforcement Processing Center, where he remains detained. *Id.* ¶¶ 12, 14. Petitioner has been in immigration detention since his initial apprehension in January 2025, Dkt. 3 at 1, Dkt. 7 at 6, and he has not requested or received a bond hearing before an IJ. Dkt. 8 ¶ 13.

On October 1, Petitioner filed a petition for writ of habeas corpus, arguing that his prolonged detention without a bond hearing violates his due process rights. Dkt. 3. Two weeks later, Federal Respondent MarkWayne Mullin filed a return. Dkt. 7. On October 26, Petitioner moved for his immediate release on the basis that he had not yet received a copy of the return. Dkt. 10. Two days later, he filed a traverse. Dkt. 11.

The habeas petition is now ripe for the Court's review. Because Petitioner's detention has become unconstitutionally prolonged, the Court GRANTS the petition and ORDERS Respondents to provide Petitioner a bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the

preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

Petitioner is detained under 8 U.S.C. § 1225(b)(1). The Court thus analyzes the constitutionality of his prolonged detention under the six-factor test articulated in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019).[2] *See Toktosunov v. Wamsley*, No. 2:25-CV-1724-TL, 2025 WL 3492858, at *3 (W.D. Wash. Dec. 5, 2025) (applying *Banda* to a prolonged detention claim in light of the fact that "[n]either the Supreme Court nor the Ninth Circuit has settled on a test for assessing the constitutionality of prolonged mandatory detention"). Under *Banda*, the Court considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

385 F. Supp. 3d at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). If, on balance, these factors weigh in Petitioner's favor, he is entitled to a bond hearing before an IJ. *See id.* at 1120.

The first factor is the "most important" of the six. *Id.* at 1118. Here, Petitioner has been in immigration detention for nearly two years. As Federal Respondents acknowledge, Dkt. 7 at 6, courts including this one have previously found detention periods of similar or shorter length to

---

[2] Although Petitioner argues that he is subject to discretionary detention under 8 U.S.C. § 1226(a), he analyzes the *Banda* factors to support his request for a bond hearing. Dkt. 3 at 12–19; Dkt. 11 at 7–12. Because both parties apply the *Banda* framework, *see* Dkt. 7 at 6–7, the Court assumes that Petitioner is properly subject to mandatory detention under § 1225(b)(1).

be unreasonably prolonged. *See Maliwat v. Scott*, No. 2:25-CV-00788-TMC, 2025 WL 2256711, at *4 (W.D. Wash. Aug. 7, 2025) (collecting cases). This factor favors Petitioner.

The second factor also favors Petitioner: where, as here, a detainee has appealed a removal order to the BIA, the possibility of a lengthy appellate process portends months or even years of continued detention. *Banda*, 385 F. Supp. 3d at 1119; *Singh v. Warden, Nw. ICE Processing Ctr.*, No. 2:26-CV-03923-TMC, 2026 WL 3320003, at *2 (W.D. Wash. Nov. 3, 2026).

The third factor favors a detainee where the conditions of detention "resemble penal confinement." *Banda*, 385 F. Supp. 3d at 1119. Courts in this district have routinely found that the conditions at NWIPC are like "those in many prisons and jails." *Rahmani v. Bondi*, No. C26-362-KKE, 2026 WL 638364, at *5 (W.D. Wash. Mar. 6, 2026) (quoting *Maliwat*, 2025 WL 2256711, at *6). Federal Respondent does not address Petitioner's argument that he is held in a crowded, loud facility with limited opportunities for exercise and inadequate meals. *See* Dkt. 3 at 16. This factor thus favors Petitioner.

The Court analyzes the fourth and fifth factors, which consider the delays caused by the parties, together. *See Maliwat*, 2025 WL 2256711, at *6–7. Based on the record before the Court, four months of delays could be attributed to Petitioner, who requested several continuances in his merits hearing due to illness and conflicts with his immigration counsel's schedule. However, without evidence that "Petitioner has prolonged his stay by abusing the processes provided," requests for continuances do not necessarily weigh against him. *Barraza v. ICE Field Off. Dir.*, No. C23-1271-BHS-MLP, 2023 WL 9600946, at *7 (W.D. Wash. Dec. 8, 2023), *report and recommendation adopted sub nom. Barraza v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. C23-1271 BHS, 2024 WL 518945 (W.D. Wash. Feb. 9, 2024). Federal Respondent offers no explanation for the nearly seven-month delay between Petitioner's initial apprehension

and the credible fear finding, and the subsequent delay of over four months between the credible fear finding and Petitioner's first merits hearing. Petitioner suggests that Respondents intentionally delayed his proceedings but does not offer evidence to support that claim. *See* Dkt. 3 at 18; Dkt. 11 at 10–11. With limited information regarding these delays, the Court concludes that the fourth and fifth factors are, on balance, neutral.

As for the sixth factor, Petitioner has appealed the IJ's removal order, "and the Court does not have sufficient information to determine whether the appeal is nonfrivolous or whether petitioner ultimately will prevail." *Banda*, 385 F. Supp. 3d at 1120. Because the Court "declines to opine on the potential merits of petitioner's claims and defenses in his removal proceedings or on the outcome of any appeal to the BIA, or any potential subsequent appeal to the Ninth Circuit," the Court considers this factor neutral. *Joshi v. Wamsley*, No. 2:26-CV-00148-TLF, 2026 WL 456822, at *7 (W.D. Wash. Feb. 18, 2026).

With three factors—including the most important—weighing in Petitioner's favor, and three factors favoring neither party, the Court concludes that Petitioner's detention has become unconstitutionally prolonged, and he is entitled to a bond hearing. The Court declines Petitioner's request for immediate release, which is based on the unsupported assertion that Respondents intentionally withheld from him a copy of the return. *See* Dkt. 10. Federal Respondent's return certifies that it was served on Petitioner via Certified Mail with postage prepaid. Dkt. 7 at 9. Two days after moving for immediate release, Petitioner filed a traverse that references arguments made in the return. *See* Dkt. 11 at 10–11. Petitioner has not demonstrated that a bond hearing before an IJ is insufficient to protect his due process rights. *See L.B.O.M. v. Hermosillo*, No. 2:25-CV-02695-GJL, 2026 WL 266068, at *6 (W.D. Wash. Feb. 2, 2026) (noting the lack of authority to support a claim for immediate release under *Banda*).

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS:

1. The petition for writ of habeas corpus (Dkt. 3) is GRANTED.

2. The motion to request mailing evidence, treat the petition as unopposed, and order Petitioner's immediate release (Dkt. 10) is DENIED.

3. Within 14 days of the date of this Order, Respondents must either release Petitioner Manjot Singh or provide him an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)—there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community.

4. Nothing in this Order prevents an Immigration Judge from granting a continuance in Petitioner's bond proceedings at his request.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of November, 2026.

Tiffany M. Cartwright
United States District Judge